IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE P. JONES, | ) |
| PLAINTIFF, | ) |
| V. | ) CASE NO: 2:07cv695-WKW |
| AFNI, INC., ET AL., | ) |
| DEFENDANTS. | ) |

## ANSWER

COMES NOW the defendant, Afni, Inc., and Answers the Complaint in this matter as follows:

## PARTIES

1. The defendant has insufficient information to admit or deny the county of residence of the plaintiff but on information and belief admits the plaintiff is over the age of nineteen.

2. The defendant has insufficient information to admit or deny this averment.

3. Admitted.

4. The defendant has insufficient information to admit or deny this averment.

## JURISDICTION & VENUE

5. Though the defendant denies any violation of the Fair Debt Collection Practices Act or any state law, the defendant does not contest Federal Court jurisdiction.

6. Though the defendant denies any violation of the laws of the State of Alabama, the defendant does not deny the Court has jurisdiction over these claims.

7. The defendant has insufficient information to admit or deny this averment.

8. The defendant admits it is not an Alabama corporation. The remainder of this averment the defendant has insufficient information to either admit or deny.

9. The defendant has insufficient information to admit that venue is proper.

## **FACTUAL ALLEGATIONS**

10. The defendant has insufficient information to admit or deny this averment.

11. The defendant has insufficient information to admit or deny this averment.

12. The defendant has insufficient information to admit or deny this averment, and asserts that Exhibit "1" is the best evidence of its contents.

13. The defendant has insufficient information to admit or deny this averment.

14. The defendant has insufficient information to admit or deny this averment, and avers that Exhibit "2" is the best evidence of its own contents.

15. The defendant has insufficient information to admit or deny this averment.

16.  The defendant has insufficient information to admit or deny this averment, and avers that Exhibit "3" is the best evidence of its own contents.

17.  The defendant has insufficient information to admit or deny this averment, and avers that Exhibit "4" is the best evidence of its own contents.

18.  The defendant has insufficient information to admit or deny this averment.

19.  The defendant admits providing a collection notice to the plaintiff, and submits that the notice itself is the best evidence of its contents.  The defendant denies this averment to the extent the plaintiff contends "the Afni notice claims that the balance on the Cingular account had increased to $661.59."

20.  The defendant does not know the date on which the plaintiff actually mailed what is attached as Exhibit "6" to the Complaint, but does not deny that the plaintiff sent a dispute regarding the validity of the debt.

21.  The defendant admits it responded to the dispute letter but denies all material averments of Paragraph 21 they allege or imply the verification did not comply with the Fair Debt Collection Practices Act, and to the extent this averment states that the information verified is erroneous.  The defendant further submits that Exhibit "7" to the Complaint is the best evidence of its own contents.

22.  The defendant does not know the date on which plaintiff's counsel sent a letter of representation, but the defendant does not deny receiving it.  The defendant submits that Exhibit "8" to the Complaint is the best evidence of its own contents.

23. The defendant admits it provided another debt violation correspondence addressed to the plaintiff but sent to her counsel's address. The defendant denies that this debt validation correspondence was inadequate. The defendant submits that Exhibit "9" to the Complaint is the best evidence of its own contents.

24. The defendant admits it sent a debt validation correspondence addressed to the plaintiff care of her attorney, but denies the correspondence was at all inadequate. The defendant submits Exhibit "10" to the Complaint is the best evidence of its own contents.

25. This averment is really a denial. In any event, to the extent this averment states a claim against Afni, or to the extent a response is required, the defendant takes a position opposite to the position offered by the plaintiff in averment twenty-five.

## COUNT ONE – NEGLIGENCE

26. The defendant reincorporates its previous answers as if fully stated herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. To the extent this averment states a claim or cause of action against Afni, the defendant denies the material averments and demands strict proof thereof.

33. To the extent this averment states a claim or cause of action against Afni, the defendant denies the material averments and demands strict proof thereof.

34. Denied.

35. Denied.

As to the unnumbered paragraph following Paragraph 35 in the Complaint, the defendant denies it is responsible for any damages to the plaintiff, whether jointly or severally, including compensatory and punitive damages.

## COUNT II – FRAUD/PROMISSORY FRAUD

36. The defendant reincorporates its previous answers as if fully set out herein.

37. Denied.

38. To the extent this averment states a claim or cause of action against this defendant, the material averments are denied and strict proof demanded thereof.

39. To the extent this averment states a claim or cause of action against this defendant, the material averments are denied and strict proof demanded thereof.

40. Denied.

41. Denied.

As to the unnumbered paragraph following Paragraph 41 in the Complaint, the defendant denies it is responsible for any damages to the plaintiff, whether jointly or severally, including compensatory and punitive damages.

## COUNT III – NEGLIGENCE PER SE

42. The defendant reincorporates its previous answers as if fully set out herein.

43. Denied.

As to the unnumbered paragraph following Paragraph 43, the defendant denies the plaintiff is entitled to compensatory or punitive damages.

## COUNT IV –
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. The defendant reincorporates its previous answers as if fully set out herein.

45. To the extent this averment states a claim, including sub-parts, against Afni, the material averments are denied and strict proof demanded thereof.

46. Denied, including all sub-parts.

As to the unnumbered paragraph following Paragraph 46, the defendant denies the plaintiff is entitled to any damages against it whatsoever, whether statutory, actual, compensatory, or punitive, including mental anguish and emotional distress, and all attorney fees.

## COUNT V – SLANDER OF CREDIT

47. The defendant reincorporates its previous answers as if fully set out herein.

48. Denied.

As to the unnumbered paragraph following Paragraph 48 in the Complaint, the defendant denies the plaintiff is entitled to compensatory or punitive damages against it.

## COUNT VI – INVASION OF PRIVACY

49. The defendant reincorporates its previous answers as if fully set out herein.

50. Denied.

As to the unnumbered paragraph following Paragraph 50, the defendant denies the plaintiff is entitled to any damages against it whatsoever, whether jointly or severally, for compensatory or punitive damages.

## COUNT VI [SIC] – CONSPIRACY

51. The defendant reincorporates its previous answers as if fully set out herein.

52. Denied.

As to the unnumbered paragraph following Paragraph 52, the defendant denies the plaintiff is entitled to any damages against it whatsoever, whether jointly or severally, for compensatory or punitive damages.

## COUNT VII – DAMAGES

53. The defendant reincorporates its previous answers as if fully set out herein.

54. Denied, including all sub-parts.

55. Denied.

**PRAYER FOR RELIEF**

56. The defendant reincorporates its previous answers as if fully set out herein.

57. The defendant denies the plaintiff is entitled to a judgment as requested, jointly or severally, including all sub-parts (a)-(g).

**AFFIRMATIVE DEFENSES**

1. The defendant pleads the general issue.

2. The defendant pleads not guilty.

3. The defendant pleads that the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. The defendant pleads that some, if not all, of the state law claims asserted by the plaintiff are preempted by the Fair Credit Reporting Act.

5. The defendant pleads that some, if not all, of the state law claims asserted by the plaintiff are preempted by the Fair Debt Collection Practices Act.

6. The defendant pleads contributory negligence.

7. The defendant pleads failure to mitigate damages.

8. The defendant denies any violation of the FDCPA but asserts, in the alternative, that any violation of the FDCPA results from a bona fide error notwithstanding the maintenance of policies and procedures reasonably adopted to avoid any such error.

9. The defendant denies that the plaintiff has suffered any legally recognizable harm as a result of any act, error, or omission attributed to this defendant.

10. In the alternative, the defendant pleads that any damages suffered by the plaintiff are the result of actions of third parties over whom this defendant has no control or responsibility.

11. The defendant pleads the defense of privilege, conditional privilege, and/or qualified privilege.

12. The defendant pleads the defense of truth.

13. The defendant pleads that if any of the averments in the Complaint are true, the defendant acted out of mistake and in good faith reliance on the information provided to it.

14. The defendant pleads that some or all of the claims asserted by the plaintiff are subject to binding arbitration.

15. The defendant pleads the affirmative defenses of consent and aquiesense, the voluntary payment doctrine, and the doctrine of ratification.

16. An award of punitive damages will violate the defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive

damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

17.     As discovery is ongoing, the defendant reserves the right to assert additional discovery defenses as may later become known to it.

Respectfully Submitted,

 /s/ Neal D. Moore
Neal D. Moore, III
Attorney for Defendant, Afni, Inc.

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

**CERTIFICATE OF SERVICE**

  This is to certify that on this the 27th day of August, 2007, a copy of the forgoing document has been electronically filed and served on counsel via EMC/CF e-file:

Robert Edward Kirby, Jr.
The Kirby Law Firm
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama  35242

             /s/ Neal D. Moore, III
             OF COUNSEL