IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STEPHANIE P. JONES;** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: CV 07-695-KW |
| | ) |
| **AT&T MOBILITY, LLC;** | ) |
| **AFNI, INC.; and, PALISADES** | ) |
| **COLLECTIONS, LLC;** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Stephanie P. Jones, pursuant to Rule 15(a), Fed.R.Civ.P and moves this Honorable Court for leave to amend her originally filed Complaint. As grounds Plaintiff shows unto the Court as follows:

1. Subsequent to the original filing of Plaintiff's Complaint, counsel for defendant AT&T advised the undersigned that the wrong AT&T entity had been named. That defendant was voluntarily dismissed. Settlement negotiations ensued but have stalled.

2. Plaintiff therefore requests leave to file the attached Amended Complaint which adds the correct AT&T entity as reported by its counsel.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant her leave to file the attached Amended Complaint.

Respectfully submitted this the 31st day of January, 2008.

/s/ Robert E. Kirby, Jr.
ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiff
THE KIRBY LAW FIRM
4000 Eagle Point Corporate Dr.
Birmingham, AL  35242
Telephone:     (205) 254-0975
Fax:              (205) 314-5799
Email:  bkirby@bkirbylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion by filing same through the Federal E-File system; by Electronic Mail; and/or by U.S. Mail; on this 31st day of January, 2008 upon the following:

Jere F. White, Jr., Esq.
Sara Anne Ford, Esq.
S. Andrew Kelly, Esq.
The Clark Building
400 North 20th Street
Birmingham, AL  35203

Neal D. Moore, III., Esq.
2500 Acton Road, Suite 200
Birmingham, AL  35243

Justin Matthew Parnell, Esq.
Post Office Box 2189
Montgomery, AL  36102


By Counsel,

/s/ Robert E. Kirby, Jr.

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE P. JONES; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-695-WKW |
| | ) |
| AT&T MOBILITY, LLC; | ) **JURY DEMAND** |
| AFNI, INC.; and, PALISADES | ) |
| COLLECTIONS, LLC; | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff and files this, her First Amendment Complaint. Through this amendment Plaintiff adopts all claims, counts, allegations and paragraphs of her original Complaint and amends as follows:

    **A.**    **AT&T MOBILITY, LLC** is added as a party defendant.

    **B.**    All claims made against AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC. in the original Complaint are made against **AT&T MOBILITY, LLC** through this amendment.

    **C.**    Plaintiff's First Amended Complaint is as follows:

# FIRST AMENDED COMPLAINT

## PARTIES

**1.**     Plaintiff **STEPHANIE P. JONES** is an individual over the age of nineteen (19) years and resides in Montgomery County, Alabama.

**2.**     Defendant **AT&T MOBILIY, LLC (hereinafter "AT&T"),** is a Delaware corporation qualified to do business in Alabama.

**3.**     Defendant **AFNI, INC. (hereinafter "AFNI"),** is an Illinois corporation qualified to do business in Alabama.

**4.**     Defendant **PALISADES COLLECTIONS, LLC (hereinafter "PALISADES"),** is a Limited Liability Company chartered under the laws of New Jersey and is not legally qualified to do business in Alabama.

## JURISDICTION and VENUE

**5.**     This court has federal question jurisdiction over the issues herein pursuant to *15 U.S.C. § 1692 et. seq.,* The Fair Debt Collection Practices Act; and, Diversity Jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C § 1337.

**6.**     The court has pendent jurisdiction over the state law claims contained herein.

**7.**     The Court has personal jurisdiction over Plaintiff as a resident of Montgomery County, Alabama.

**8.**     The Court has personal jurisdiction over all Defendants as Alabama corporations and/or qualified Alabama corporations; and/or, by their continual and systematic business dealings within Alabama.

**9.**     Venue is proper in this Court in that Plaintiff is a resident of the Middle District of Alabama; and, all Defendants have engaged in continual and systematic business dealings within he Middle District of Alabama.

## FACTUAL ALLEGATIONS

**10.**     Sometime before October 2004, Plaintiff entered into a contract for cellular telephone services with Cingular Wireless. Defendant AT&T is the successor in interest to; surviving entity of a merger with; the parent company of its now dissolved wholly owned subsidiary Cingular; and/or otherwise has become owner of the contract at issue.

**11.**     Prior to February 3, 2006, Plaintiff received a collection letter from a company known as Superior Asset Management, Inc., which alleged that Plaintiff owed a remaining balance on the Cingular account. Plaintiff denies that any balance is, or was at that time,

14

owing on the account and that any and all collection activities on the account were, and continue to be bogus and fraudulent.

12. Following several telephone calls to Superior Asset and after sending the attached letter, Superior Asset Management, Inc. ceased their collection activities on the account and thus they are not a defendant herein. *(See Letter from Plaintiff to Superior Asset attached hereto as Exhibit "1")*

13. In or about July 2006 Plaintiff received another collection letter on the same account from Defendant PALISADES which alleged that Plaintiff owed a remaining balance of $189.51. Plaintiff exercised her rights under the FDCPA and sent a dispute letter within 30-days of receipt of the collection letter from PALISADES.

14. In response to Plaintiff's letter disputing the debt, PALISADES provided Plaintiff with the documentation PALISADES claimed supported their collection activities. Rather than support the debt, the documents actually prove that AT&T owes, and has owed Plaintiff a credit of $45.41 since at least January 20, 2003. (*See Letter dated August 28, 2006 and supporting documents from PALISADES attached hereto as Exhibit "2")*

15. Following receipt of the package attached as Exhibit "2", Plaintiff telephoned PALISADES, spoke with a female representative who agreed with Plaintiff's assessment, and then promised Plaintiff

14

that PALISADES would cease and desist from their collection activities and close their file.

16.  On or about March 20, 2007, Plaintiff received yet another "validation of the debt" package from PALISADES which included the same documents they sent in August 2006; and, again claiming that the same documents validated a debt owed by Plaintiff. The March 2007 package from PALISADES also recklessly included account information about another consumer totally unknown to Plaintiff. Again, rather than support the alleged debt the March 2007 package verified that AT&T owes Plaintiff money. *(See March 2007 package from PALISADES attached hereto as Exhibit "3")*

17.  On or about March 24, 2007, Plaintiff received a credit alert from an online credit report monitoring service to which she subscribes. The alert, verified by review of her credit report, indicated that PALISADES had entered a new and derogatory credit account or trade line on Plaintiff's credit report resulting in a reduction of Plaintiff's credit score. *(See credit alert page attached hereto at Exhibit "4")*

18.  Plaintiff again telephoned PALISADES. This time the male agent contended that a "credit" balance does not mean that Plaintiff does not owe any money on the account and that he would not be filing a correction with any credit reporting agency to remedy the issue.

**19.** On or before March 20, 2007, Plaintiff also received a first notice of collection account from defendant AFNI. The notice was properly addressed to Plaintiff's home address in Montgomery. The AFNI notice claims that the balance on the Cingular account had increased to $661.59. *(See March 11, 2007 letter from AFNI attached hereto as Exhibit "5")*

**20.** On March 20, 2007, Plaintiff sent a letter of dispute to AFNI. *(See Plaintiff letter attached hereto as Exhibit "6")*

**21.** On or about April 20, 2007, Plaintiff received an alleged "validation of the debt" response from AFNI. The validation letter from AFNI fails to do more than restate the erroneous information included in their first notice. This letter was also properly addressed to Plaintiff's home address in Montgomery. *(See April 15, 2007 letter from AFNI attached hereto as Exhibit "7")*

**22.** On or about April 23, 2007, Plaintiff's counsel Jerry Thornton sent a letter of representation to AFNI which directed that all future communications be sent to his attention; disputed the debt; and, requested proof of the alleged debt. *(See April 23, 2007 letter from Thornton attached hereto as Exhibit "8")*

**23.** On or about June 8, 2007, AFNI prepared and sent another inadequate validation of debt letter addressed to Plaintiff but sent to her lawyer's address rather than to her home. *(See June 8, 2007 letter from AFNI attached hereto as Exhibit "9")*

14

**24.** On or about June 29, 2007, AFNI prepared and sent yet another inadequate validation of debt letter addressed to Plaintiff but again sent to her lawyer's address rather than to her home. *(See June 29, 2007 letter from AFNI attached hereto as Exhibit "10")*

**25.** Plaintiff denies that she owes any debt to any named Defendant.

## COUNT I
## Negligence & Negligent Supervision

**26.** Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**27.** All named Defendants were negligent in the marketing, origination, processing, and collecting Plaintiff's alleged account. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**28.** All named Defendants negligently performed quality control on accounts they originated, processed, collected and/or purchased. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent the Defendants' conduct was reckless or wanton, Plaintiff seeks punitive damages.

**29.** All Defendants negligently or recklessly misrepresented and/or concealed the terms of Plaintiff's account. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**30.** Each Defendant negligently selected, managed, supervised, trained and/or instructed its agents and employees. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**31.** Each Defendant failed to promulgate, implement, communicate and enforce rules and procedures which would prevent illegal, bogus and/or paid consumer accounts from being pursued through multiple debt collectors; and, such that consumer accounts, including Plaintiff's account were properly monitored, reviewed and/or verified. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**32.** Defendant AT&T negligently failed to conduct reasonable due diligence in regards to PALISADES and AFNI <u>before</u> contracting with them to collect consumer accounts including Plaintiff's account. To the extent Defendant's conduct was reckless,

wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**33.** Defendant AT&T negligently failed to conduct reasonable due diligence in regards to PALISADES and AFNI <u>after</u> contracting with them to collect consumer accounts including Plaintiff's account. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages

**34.** All named Defendants' acts of negligence were committed under circumstances of insult and contumely.

**35.** Defendants breached their legal, contractual and/or assumed duty of reasonable care to the Plaintiff. As a proximate result, Plaintiff was injured as set forth below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT II
### Fraud & Promissory Fraud

14

36.  Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

37.  Each Defendant fraudulently, recklessly, intentionally, or through mistake; concealed, suppressed or misrepresented the terms of Plaintiff's account. The facts and circumstances that give rise to the claims in this count and other counts within this complaint include, but are not limited to the facts and Exhibits set forth in paragraphs 10-25 within the Factual Allegations above.

38.  Defendant PALISADES is engaged in a pattern and practice of misinforming consumers, including Plaintiff, about the terms of their accounts. The practice is consummated on unwary consumers with grossly inaccurate and false collection notices followed sometimes as in this case, by promises of termination of their collection activities when the account is not validated. Many consumers, although fortunately not Plaintiff, are subsequently sued by PALISADES on the bogus and/or time barred accounts.

39.  Although PALISADES promised Plaintiff that they would cease their collection actions on the account in 2006, they never intended to do so and as such engaged in promissory fraud in order to deceive Plaintiff.

40.  Defendants AT&T and AFNI ratified the fraud and promissory fraud by continuing collection activities on the bogus account.

**41.** Plaintiff reasonably and justifiably relied upon Defendants' misrepresentations including those by concealment and promissory fraud, to her detriment. As a direct and proximate result, Plaintiff was injured as set forth below.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT III
### Negligence Per Se

**42.** Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**43.** Defendants PALISADES and AFNI violated various provisions of 15 U.S.C. § 1692 et. seq., The Fair Debt Collection Practices Act, as set out below. The Act is intended for the benefit of the special class of citizens to which Plaintiff belongs. The conduct of these Defendants damaged Plaintiff and amounts to Negligence Per Se. Defendants' acts were committed under circumstances of insult and contumely.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands compensatory and punitive damages as set forth below.

## COUNT IV

## Violations of the Fait Debt Collections Practices Act

**44.** Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**45.** Defendant PALISADES, through their agents and employees, violated or failed to comply with the FAIR DEBT COLLECTIONS PRACTICES ACT *15 U.S.C. § 1692 et. seq*. While not meant to be exhaustive of all violations of FDCPA, Plaintiff alleges PALISADES violated the following:

    **a.** *15 U.S.C. § 1692e(2)(A)*: Defendant falsely represented the amount and character of the debt it was attempting to collect; and,

    **b.** *15 U.S.C. § 1692g(b):* Defendant failed to provide adequate validation of the debt upon proper request by Plaintiff.

**46.** Defendant AFNI, through their agents and employees, violated or failed to comply with the FAIR DEBT COLLECTIONS PRACTICES ACT *15 U.S.C. § 1692 et. seq*. While not meant to be exhaustive of all violations of FDCPA, Plaintiff alleges PALISADES violated the following:

14

  **a.** *15 U.S.C. § 1692e(2)(A)*: Defendant falsely represented the amount and character of the debt it was attempting to collect;

  **b.** *15 U.S.C. § 1692g(b):* Defendant failed to provide adequate validation of the debt upon proper request by Plaintiff; and.

  **c**. *15 U.S.C. § 1692c(a)(2):* Defendant communicated directly with Plaintiff after receiving notice that she was represented by counsel.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants in this count for the maximum statutory damages trebled where allowed; actual damages including damages for mental anguish, credit defamation, emotional distress, humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's fees.

## COUNT V
### Slander of Credit

47. Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

48. Each Defendant negligently, recklessly, wantonly or intentionally defamed Plaintiff's credit by their attempts to collect a bogus and paid debt; and, by their reporting of said account as

14

delinquent when in fact it was not. As a direct and proximate result, Plaintiff's credit score was lowered and she suffered and will continue to suffer other damages as set forth above and below.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury.

## COUNT VI
## Invasion of Privacy

49. Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

50. All Defendants wrongly invaded the privacy and solitude of Plaintiff by attempting to collect a bogus debt and reporting that bogus to national credit reporting agencies. As a direct and proximate result, Plaintiff's credit score was lowered and she suffered and will continued other damages as set forth below.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury.

## COUNT VI
## Conspiracy

51. Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**52.** Each Defendant was present, complicit, aiding and abetting each other in the conduct of unlawful, predatory and immoral business activities. Each conspired to defraud and cheat Plaintiff. As a direct and proximate result, Plaintiff suffered and will continue to suffer damages as set forth below.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury.

## COUNT VII

### Damages

**53.** Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**54.** Defendants wrongful conduct combined and concurred to proximately caused Plaintiff to be damaged as follows:

   **a.** Plaintiff suffered and will continue to suffer substantial economic loss and expense.

   **b.** Plaintiff suffered and will suffer in the future severe emotional distress, physical illness, mental anguish, defamation of her credit, humiliation, and embarrassment.

**55.** To the extent Defendants' wrongful conduct was reckless, wanton or intentional; and/or a part of a pattern and practice to misinform or deceive; Plaintiff is entitled to and demands punitive damages.

14

## **PRAYER FOR RELIEF**

**56.** Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**57.** Plaintiff demands judgment as set out below from the Defendants, jointly and severally:

    **a.** Compensatory and actual damages in an amount to be awarded by a jury;

    **b.** Punitive damages in an amount to be awarded by a jury under each claim made by Plaintiff whereby punitive damages are recoverable;

    **c.** Actual damages under Plaintiff's FDCPA claims including but not limited to damages for mental anguish, emotional distress, slander of credit, humiliation, and embarrassment; trebled where allowed;

    **d.** Maximum statutory damages (including treble damages where allowed) under Plaintiff's FDCPA;

    **e.** Post-judgment interest;

    **f.** Costs of this proceeding; and,

    **g.** Reasonable attorney's fees.

Respectfully Submitted,

*/S/ Robert E. Kirby, Jr.*
ROBERT E. KIRBY, JR.
(KIR013)

        Attorney for Plaintiff
        THE KIRBY LAW FIRM
        4000 Eagle Point Corporate Dr.
        Birmingham, AL  35242
        Telephone:  (205) 254-0975
        Fax:            (205) 314-5799
        Email:  bkirby@bkirbylaw.com


**PLAINTIFF HEREBY DEMANDS A STRUCK JURY IN THE TRIAL OF THIS CAUSE**


        */s/ Robert E. Kirby, Jr*
        Of COUNSEL

## **CERTIFICATE OF SERVICE**

      I hereby certify that when approved by the Court, I will serve a copy of the foregoing by filing same through the Federal E-File system; by Electronic Mail; and/or by U.S. Mail upon the following:

Jere F. White, Jr., Esq.
Sara Anne Ford, Esq.
S. Andrew Kelly, Esq.
The Clark Building
400 North 20th Street
Birmingham, AL  35203

Neal D. Moore, III., Esq.
2500 Acton Road, Suite 200
Birmingham, AL  35243

Justin Matthew Parnell, Esq.
Post Office Box 2189
Montgomery, AL  36102

/s/ Robert E. Kirby, Jr.
Of Counsel

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT, AS FOLLOWS:**

**AT&T MOBILITY, LLC**
c/o
CSC Lawyers Incorporating SRV Inc.
150 S. Perry Street
Montgomery, AL  36104

14