# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE P. JONES, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO: 2:07cv695-WKW |
| | ) |
| AFNI, INC., ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW the defendant, Afni, Inc., and Answers the First Amended Complaint as follows:

The defendant reincorporates and adopts its previous answers and affirmative defenses as if fully set out herein.

## PARTIES

1. The defendant has insufficient information to admit or deny this averment.

2. The defendant has insufficient information to admit or deny this averment.

3. Admitted.

4. The defendant has insufficient information to admit or deny this averment.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. The defendant has insufficient information to admit or deny this averment.

{W0192850.1 }

8. The defendant does not contest this Court's jurisdiction over it in this matter.

9. The defendant has insufficient information to admit or deny this averment.

## FACTUAL ALLEGATIONS

10. The defendant admits the plaintiff owes the indebtedness it sought to collect, but has insufficient information to admit or deny the remainder of this averment.

11. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

12. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

13. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

14. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

15. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

16. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

17. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

18. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

19. The defendant admits the plaintiff received a collection letter from it but denies the remainder of this averment.

20. Denied.

21. The defendant admits it provided a validation letter to the plaintiff, but denies the implication in this averment that the validation letter was legally insufficient.

22. The defendant pleads that the correspondence at issue speaks for itself.

23. The defendant admits responding to the request, but denies that it was inadequate or at all legally insufficient.

24. Denied.

25. The defendant admits the plaintiff is denying responsibility for the debt, but denies that the plaintiff is in fact not responsible for the debt it was collecting.

## COUNT ONE
## NEGLIGENCE & NEGLIGENT SUPERVISION

26. The defendant reincorporates and adopts its previous answers as if fully set out herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

33. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

34. Denied.

35. Denied.

As to the unnumbered paragraph following Paragraph 35, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT TWO
## FRAUD AND PROMISSORY FRAUD

36. The defendant reincorporates and adopts its previous answers as if fully set out herein.

37. Denied.

38. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

39. To the extent this averment states a claim or cause of action against Afni, the material averments are denied and strict proof demanded thereof.

40. Denied.

41. Denied.

As to the unnumbered paragraph following Paragraph 41, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT THREE
## NEGLIGENCE PER SE

42. The defendant reincorporates and adopts its previous answers as if fully set out herin.

43. Denied.

{W0192850.1 }

As to the unnumbered paragraph following Paragraph 43, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT FOUR
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44.  The defendant reincorporates and adopts its previous answers as if fully set out herin.

45.  To the extent this averment states a claim or cause of action against this defendant, the material averments are denied and strict proof demanded thereof.

46.  Denied, including sub-parts.

As to the unnumbered paragraph following Paragraph 46, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT FIVE
## SLANDER OF CREDIT

47.  The defendant reincorporates and adopts its previous answers as if fully set out herein.

48.  Denied.

As to the unnumbered paragraph following Paragraph 48, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT SIX
## INVASION OF PRIVACY

49.  The defendant reincorporates and adopts its previous answers as if fully set out herein.

50. Denied.

As to the unnumbered paragraph following Paragraph 50, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT SIX (SIC)
## CONSPIRACY

51. The defendant reincorporates and adopts its previous answers as if fully set out herein.

52. Denied.

As to the unnumbered paragraph following Paragraph 52, the defendant denies the plaintiff is entitled to any judgment against it, jointly or severally, for compensatory or punitive damages.

## COUNT SEVEN (SIC)
## DAMAGES

53. The defendant reincorporates and adopts its previous answers as if fully set out herein.

54. Denied, including all sub-parts.

55. Denied.

## PRAYER FOR RELIEF

56. The defendant reincorporates and adopts its previous answers as if fully set out herein.

57. The defendant denies the plaintiff is entitled to the judgment requested against it, jointly or severally, including all sub-parts.

## AFFIRMATIVE DEFENSES

1. The defendant pleads the general issue.

2. The defendant pleads not guilty.

3. The defendant pleads that the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. The defendant pleads that some, if not all, of the state law claims asserted by the plaintiff are preempted by the Fair Credit Reporting Act.

5. The defendant pleads that some, if not all, of the state law claims asserted by the plaintiff are preempted by the Fair Debt Collection Practices Act.

6. The defendant pleads contributory negligence.

7. The defendant pleads failure to mitigate damages.

8. The defendant denies any violation of the FDCPA but asserts, in the alternative, that any violation of the FDCPA results from a bona fide error notwithstanding the maintenance of policies and procedures reasonably adopted to avoid any such error.

9. The defendant denies that the plaintiff has suffered any legally recognizable harm as a result of any act, error, or omission attributed to this defendant.

10. In the alternative, the defendant pleads that any damages suffered by the plaintiff are the result of actions of third parties over whom this defendant has no control or responsibility.

11. The defendant pleads the defense of privilege, conditional privilege, and/or qualified privilege.

12. The defendant pleads the defense of truth.

{W0192850.1 }

13. The defendant pleads that if any of the averments in the Complaint are true, the defendant acted out of mistake and in good faith reliance on the information provided to it.

14. The defendant pleads that some or all of the claims asserted by the plaintiff are subject to binding arbitration.

15. The defendant pleads the affirmative defenses of consent and acquiescence, the voluntary payment doctrine, and the doctrine of ratification.

16. The defendant denies the breach of any existing duty owed to the plaintiff, whether created by state statute, federal statute, or state common law.

17. An award of punitive damages will violate the defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory

characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

18. As discovery is ongoing, the defendant reserves the right to assert additional discovery defenses as may later become known to it.

Respectfully Submitted,

/s/ Neal D. Moore
Neal D. Moore, III
Attorney for Defendant, Afni, Inc.

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

{W0192850.1 }

## CERTIFICATE OF SERVICE

      This is to certify that on this the 3rd day of March, 2008, a copy of the forgoing document has been electronically filed and served on counsel via EMC/CF e-file:

Robert Edward Kirby, Jr.
The Kirby Law Firm
4000 Eagle Pointe Corporate Drive
Birmingham, Alabama  35242

                                              /s/ Neal D. Moore, III
                                              OF COUNSEL